**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4420

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE DEWAYNE MYLES, a/k/a Twan,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Richard E. Myers, II, Chief District Judge. (5:15-cr-00172-M-2)

Submitted: July 21, 2022                                    Decided: July 25, 2022

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Dewayne Myles appeals the 360-month, downward-variant sentence imposed by the district court on remand for resentencing on his drug trafficking and money laundering conspiracies and related offenses. On appeal, Myles argues that the district court erred by opining that it could not consider his request to vary downwardly due to the disparity in the Sentencing Guidelines' treatment of crack and powder cocaine offenses. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Blue*, 877 F.3d at 517.

To assess procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, adequately considered the 18 U.S.C. § 3553(a) factors, sufficiently explained the selected sentence, and addressed any nonfrivolous arguments for a different sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). A "district court[] need not robotically tick through § 3553(a)'s every subsection." *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020). The sentencing explanation need not be extensive, but it must demonstrate that the district court had "a reasoned basis for exercising [its] own legal decision-making authority." *Provance*, 944 F.3d at 218 (internal quotation marks omitted).

2

Contrary to Myles' assertion on appeal, the record reveals that the district court considered the argument to apply a one-to-one ratio of crack to powder cocaine, rejected the argument, acknowledged its authority to downwardly vary from the Guidelines range of life imprisonment to temper the ratio established by Congress, and provided a thorough explanation for the chosen 360-month sentence. Accordingly, we affirm the district court's amended judgment and deny Myles' motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*